# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-191-C |
| ) | |
| JOE DEWAYNE TEEL, et. al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Now before the Court are two Motions for Summary Judgment, the first filed by Defendant General Motors Acceptance Corporation (GMAC) and the second filed by Defendant Glencoe State Bank (GSB). Both motions pertain to cross-claims against remaining co-Defendants Joe Dewayne Teel and Barbie Lynn Teel (the Teels).[1] The Teels failed to file a response. The Court, after consideration of the submissions and the applicable law, now **GRANTS** both GMAC's and GSB's Motions for Summary Judgment.

### STANDARD OF REVIEW

Summary judgment is proper only if the movant shows "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's function, at the summary judgment stage, is not to weigh

---

[1] GMAC and GSB each filed a counterclaim against Plaintiff and cross-claims against all co-Defendants. Both GMAC's and GSB's claims concerned whether their security interests in a 2002 General Motors Corporation Sierra 1500 pickup and twenty-six Boer goats, respectively, were prior and superior to the security interests held by Plaintiff and other co-Defendants. (See Dkt. Nos. 14, 15.) The Court resolved the lien priority disputes in its judgment dated September 14, 2005. (Dkt. No. 31.) The instant order disposes of GMAC's and GSB's remaining cross-claims against co-Defendants Joe Dewayne Teel and Barbie Lynn Teel.

the evidence but to determine whether there is a genuine issue for trial. <u>Willis v. Midland Risk Ins. Co.</u>, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is 'genuine' if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670 (10th Cir. 1998) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'. . . ." <u>Lawmaster v. Ward</u>, 125 F.3d 1341, 1347 (10th Cir. 1997). The nonmovant need not negate the movant's claim, but may point out to the Court the lack of evidence on an essential element of the claim. <u>Adams v. Am. Guar. & Liab. Ins. Co.</u>, 233 F.3d 1242, 1246 (10th Cir. 2000). The nonmovant will avoid summary judgment only by going beyond the pleadings and presenting evidence sufficient to establish the existence, as a triable issue, of an essential and contested element of the case. <u>Perry v. Woodward</u>, 199 F.3d 1126, 1131 (10th Cir. 1999). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." <u>See</u> <u>Adler</u>, 144 F.3d at 670 (citing <u>Anderson</u>, 477 U.S. at 248).

Co-Defendants have failed to file a response, thus the facts stated in the motions filed by GMAC and GSB are deemed admitted. LCvR7.2(f), -56.1(c). Nonetheless, when deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmovants and draws all reasonable inferences in their favor. <u>See</u> <u>Anderson</u>, 477 U.S. at 255; <u>Simms v. Oklahoma ex rel. Dep't of Mental Health</u>, 165 F.3d 1321, 1326 (10th Cir. 1999).

## DISCUSSION

**I.    GMAC's Motion for Summary Judgment.**

Plaintiff filed its complaint after the Teels defaulted on certain promissory notes, mortgages, and security agreements held by the Farm Service Agency. Plaintiff sought to foreclose on the real and personal property which served as collateral for the Teels' obligations, including a 2002 Sierra 1500 pickup manufactured by General Motors Corporation, serial number 1GTGC13U02F228701 (the pickup).

The Teels purchased the pickup through an automobile dealer by entering into a Retail Installment Sales Contract (Contract) and financing their purchase through GMAC. The dealer assigned the Contract to GMAC who, in turn, perfected its security interest in the pickup by filing a Lien Entry Form with the Oklahoma Tax Commission on July 9, 2003, receipt number 021906017A2977. GMAC's security interest has first priority.

Under the terms of the contract, the Teels defaulted when they failed to make their June 4, 2005, monthly installment and all subsequent installments to date. According to GMAC, the remaining balance due under the Contract as of August 18, 2005, is $16,377.54, with finance charges accruing at $2.12 per day.

GMAC contends that it is entitled to judgment as a matter of law against the Teels for repossession of the pickup, the Contract's outstanding balance plus contractual interest, reasonable attorney's fees, and costs. The Court agrees.

The undisputed evidence contained in both GMAC's motion and the existing record demonstrate that summary judgment is appropriate. The Court finds that the Teels' failure

to pay places them in default, thus triggering GMAC's contractual and statutory rights to repossess the pickup, reduce its claim to judgment, and collect the August 18, 2005, outstanding balance of $16,377.54 with contractual interest accruing at $2.12 per day until paid; moreover, GMAC is entitled to reasonable attorney's fees and costs.  12 Okla. Stat. §§ 1-9-601, -609; GMAC's Mot. For Summ. J., Dkt. No. 28, Ex. 1.

**II.     GSB's Motion for Summary Judgment.**

Plaintiff also initially sought to foreclose on twenty-six Boer goats which served as collateral for the Teels' obligations.  The Teels initially entered into a promissory note and security agreement (financing documents) and pledged the Boer goats as collateral for a $13,050.00 loan.  GSB perfected its security interest by filing an Oklahoma Effective Financing Statement on June 12, 2002, and a UCC Financing Statement, document number 2004008866236, with the Oklahoma County Clerk on July 21, 2004.

Under the terms of the financing documents, the Teels defaulted when they failed to completely pay their June 10, 2003, yearly installment and all subsequent installments to date.  According to GSB, the remaining balance due under the financing documents as of October 26, 2005, is $10,733.38 with finance charges accruing at $3.01 per day.  GSB has incurred $1,437.50 in reasonable attorney's fees to date.

Plaintiff and GSB entered into an agreement providing for the sale of the Boer goats and an equal division of the sale proceeds.  GSB's share of the sale proceeds totaled $1,575.28.

GSB contends that it is entitled to a deficiency judgment against the Teels as a matter of law for the outstanding balance on the loan, contractual interest, reasonable attorney's fees, and all costs.  The Court agrees.

As above, the undisputed evidence contained in both GSB's motion and the existing record demonstrate that summary judgment is appropriate.  The Court finds that the Teels' failure to pay places them in default, thus triggering GSB's contractual and statutory rights to sell the secured collateral, reduce its deficiency claim to judgment, collect the October 27, 2005, outstanding balance of $10, 595.60[2] with finance charges accruing at $3.01 per day until paid.  12 Okla. Stat. §§ 1-9-601, -608, -609; GSB's Summ. J. Br., Dkt. No. 36, Exs. A, B.

---

[2] Under § 1-9-608, the proceeds from the sale of the Boer goats is first applied to GSB's collection costs and attorney's fees with any remainder being deducted from the outstanding balance owed to the secured party.

## CONCLUSION

GMAC's Motion for Summary Judgment [Dkt No. 28] and GSB's Motion for Summary Judgment [Dkt. No. 35] are **GRANTED** as delineated more fully herein. Judgment will enter accordingly.

IT IS SO ORDERED this 10th day of January, 2006.

ROBIN J. CAUTHRON
United States District Judge